**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PRINCE NDEMBO NJUKANG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2606-R** |
| | ) | |
| **FRED FIGUEROA, Warden, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Prince Ndembo Njukang, a noncitizen[1] and Cameroonian national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. **Background**

Petitioner, a citizen of Cameroon, entered the United States at an unknown location in approximately 2024. Doc. 1-3 at 5. At some point after his entry, ICE placed Petitioner into removal proceedings with the Immigration Court. *See* EOIR, Automated Case Information, at https://acis.eoir.justice.gov/en/ (last visited Oct. 30, 2026) (reflecting docket date of October 11, 2024, for Petitioner's removal proceedings). Petitioner filed an application for asylum and withholding of removal.

Petitioner alleges he was taken into ICE custody on May 18, 2026, when he reported to ICE's Oklahoma City office. Pet. at 4; Doc. 1-2 at 2; Doc. 11-1 at 1.[2] Respondents contend Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) but acknowledge "this matter is controlled by the Tenth Circuit's opinion in [*Santillan*] *Quiroz v. Mullin*," 180 F.4th 1226 (10th Cir. 2026). Resp. at 1. In their Response filed on October 8, 2026, Respondents alleged Petitioner had a bond hearing scheduled for October 19, 2026. *Id*. at 2. The Court later ordered Respondents to provide additional information about any such hearing on October 19, 2026. Doc. 9.

Respondents advised that an Immigration Judge ("IJ"), at Petitioner's request, scheduled a custody redetermination for October 19, 2026. Doc. 12 at 1. According to Respondents, Petitioner appeared at the bond hearing and withdrew the bond request so he had more time to file evidence. *Id.*; Doc. 12-1 at 1 (IJ Order reflecting "[w]ithdrawn"

[2] Petitioner claims Respondents' evidence "states that ICE encountered [him] and took him into custody on May 14, 2026," but Petitioner maintains that he "was taken into custody while reporting to ICE on May 18, 2026." Doc. 11-1 at 2.

request). Petitioner explains the bond hearing was cancelled because he "did not have the supporting evidence before the judge" and his immigration attorney has had challenges with filing an entry of appearance to request another hearing in the Immigration Court. Doc. 11 at 2. Despite Petitioner's withdrawal of his request for a bond hearing, Respondents acknowledge Petitioner "can request another bond hearing when they are ready / have evidence in support of their request for bond." Doc. 12 at 1.

On August 18, 2026, an IJ denied Petitioner's application for asylum and withholding of removal, and ordered Petitioner removed to Cameroon. Doc. 1-9 at 3, 5 (IJ Order). On September 9, 2026, he appealed the removal order to the Board of Immigration Appeals, and the appeal is pending. Pet. at 7; *see also* EOIR, Automated Case Information, at https://acis.eoir.justice.gov/en/ (last visited Oct. 30, 2026). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 30, 2026).

## II. <u>Petitioner's Claim</u>

Petitioner challenges his "prolonged detention" in ICE custody without "a bond hearing or individualized custody determination regarding [his] continued detention." Pet. at 6. He alleges he has no criminal history but has strong family and community ties. *Id.* Petitioner requests release from ICE custody or "a prompt individualized bond hearing to determine whether [his] continued detention is necessary." *Id.* at 7. The undersigned

liberally construes Petitioner's claim to allege his continued detention without a bond hearing violates the Immigration and Nationality Act ("INA") and that 8 U.S.C. § 1226(a) properly governs his detention. Respondents agree the Petition challenges the statutory basis for Petitioner's detention. *See generally* Resp. at 1-2.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)

("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

The Tenth Circuit recently applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Respondents do not contest Petitioner's entitlement to a bond hearing and acknowledge, despite his recent withdrawal of his request for a bond hearing, that Petitioner can request another bond hearing when he has evidence ready to present. Doc. 12 at 1. Therefore, based on Tenth Circuit precedent, Respondents' acknowledgement, and this Court's prior reasoning in *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025), the Court should apply § 1226(a) to govern Petitioner's current detention. *See Bohorquez Bravo v. Lyons*, No. CIV-26-912-R, 2026 WL 1896141, at *1 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[3]

---

[3] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guadian*, 190 F.4th 305, 334-35 (4th Cir. 2026); *Buele Morocho v. Warden, Phila. FDC*, 189 F.4th 287, 304 (3d Cir. 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez*

### B. The proper remedy is a bond hearing.

Petitioner seeks release from ICE custody or a "prompt individualized bond hearing to determine whether [his] continued detention is necessary." Pet. at 7. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."). Further, Judges in this District, including this Court, have consistently declined to order any burden shifting at a bond hearing. *See, e.g.*, *Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage") (citation modified). Therefore, the Court should grant the Petition in part and order Respondents to

---

*v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[4]

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition, Doc. 1, for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 6, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **November 12, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[4] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE